IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Orlando Division)

**Case No.: 6:23-cv-393**

CHRISTOPHER EBERBACH,

    Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

    Defendant.

_____ /

Removed from Circuit Court
of Osceola County, Florida
Case No: 2022-CA-517

## NOTICE OF REMOVAL

Defendant National Specialty Insurance Company (hereinafter "NSIC"), by and through the undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. 1441 *et seq.*, of the removal of this action from the Circuit Court of Osceola County, Florida, Case No.: 2022-CA-000517, to the United States District Court for the Middle District of Florida (Orlando Division) based on the following:

1. On March 2, 2022, Plaintiff Christopher Eberbach (hereinafter "Plaintiff"), filed Plaintiff's Complaint (hereinafter "Plaintiff's Complaint" or "Exhibit A") against Defendant in the circuit court of Osceola County, Florida. *See Plaintiff's Complaint, attached hereto as "Exhibit A."*

2. Plaintiff alleges Defendant issued an insurance policy in favor of its insured, Plaintiff, for an insured property located at 1004 Tapestry Lane, Celebration, Florida ("Plaintiff's Property"), which is within Osceola County. *Id*. At ¶6.

3. Plaintiff alleges he suffered a loss "during the policy period," and that Defendant has not fully paid his claim. *Id*. At ¶¶ 6, 15.

4. Plaintiff's Complaint alleges damages that exceed $30,000, the minimum for jurisdiction in Florida's highest state trial court – circuit court. *Id*. at ¶ 10.

5. Plaintiff's Complaint is silent as to the *citizenship* of the parties, although the Plaintiff admits his principal place of residence was in Osceola County. *Id*. At ¶ 1.

6. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

7. Therefore, as originally filed, this action was not removable to federal court.

8. 28 U.S.C. § 1332(c)(1) provides that a corporation is a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

9. Defendant National Specialty Insurance Company is a foreign corporation with its place of incorporation in the state of Texas and principal place of business in Texas. *See the 2022 Foreign Profit Corporation Annual Report filed by Defendant with the Florida Secretary of State, attached hereto as "Exhibit B."*

10. On the morning of Friday, March 3, 2023, in response to a request by the undersigned for a settlement demand, Plaintiffs' counsel William Finn, Esq., sent an email making a total demand, inclusive attorneys' fees and costs, of $340,000.00. *See email from Plaintiff's counsel, attached hereto as Exhibit "C."*

11. Plaintiff's counsel also attached to the demand email a loss assessment estimate by Trust Public Adjusting Group for repair costs alleged to be a result of the alleged loss, for a replacement cost value of $324,689.32. *See estimate from Trust Public Adjusting Group, attached hereto as Exhibit "D."*

12. Since the undersigned counsel knew the citizenship of Defendant and now knew the amount in controversy, the remaining issue was Plaintiff's citizenship.

13. In the exercise of due diligence, the undersigned checked the records of the Osceola County Property Appraiser. The Property Appraiser's records clearly indicate that Plaintiff's property has been designated as a homestead property and

had the "Save Our Homes" cap applied to the property for the insured property for calendar year 2022. *See the notation directly next to the "Tax Year Benefits" of Plaintiffs' Property listing from Osceola County, Florida Property Appraiser, attached hereto as "Exhibit E."*

14. Therefore, Plaintiff has applied for and received the homestead exemption under the Florida constitution, per the records of the Osceola County Property Appraiser. *See Exhibit E.*

15. Application for the homestead exemption requires affirmation that the property is your permanent residence. "Section 193.031, Florida Statutes (supp. 1994), allows individuals to claim a home exempt from ad valorem taxation if they hold legal or beneficial title to that home and, in good faith, <u>make it their permanent residence</u>." *Robbins v. Welbaum*, 664 so. 2d 1, 2 (fla. 3d dca 1995) (emphasis added).

16. Section 196.041(2), Florida Statutes, further provides:

> "A person who otherwise qualifies by the required residence for the homestead tax exemption provided in s. 196.031 shall be entitled to such exemption where the person's possessory right in such real property is based upon an instrument granting to him or her a beneficial interest for life, such interest being hereby declared to be "equitable title to real estate," as that term is employed in s. 6, Art. VII of the State Constitution; and such person shall be entitled to the homestead tax exemption irrespective of whether such interest was created prior or subsequent to the effective date of this act." (e.s.)

17. Pursuant to the above statutes, the only way the Plaintiff could claim a homestead exemption is if the Plaintiff could have otherwise met the requirements for the homestead exemption under Section 193.031, Florida Statutes.

18. Defendant submits that Plaintiff has verified by such application that he is a permanent resident who resides at the homestead/insured property in Osceola County, Florida, and therefore is domiciled in Florida, making him a citizen of Florida for purposes of diversity jurisdiction.

19. Again, as shown in Exhibit C, Defendant is a citizen of Texas.

20. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

21. Since there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, this case subject to the original jurisdiction of the Court under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C § 1441(a).

22. 28 U.S.C § 1446(b)(3) provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

23. 28 U.S.C. § 1446(c)(3) provides "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

24. Defendant was served with Plaintiff's demand establishing the amount in controversy on March 3, 3023. This removal is within 30 days of the earliest notice of potential diversity jurisdiction given by an "other paper" after service of the complaint on Defendant.

25. Venue is proper in the United States District Court for the Middle District of Florida (Orlando Division) because the underlying state court case was filed in the Ninth Judicial Circuit in and for Osceola County, Florida.

26. A complete copy of all process, pleadings, and orders filed in the Circuit Court of Osceola County, Florida in Case No.: 2022-CA-517, is being filed contemporaneously with this Notice of Removal as required by 28 U.S.C. § 1446(a). Copies of the docket sheets from the Circuit Court of Osceola County, Florida, Case No.: 2022-CA-517, are attached hereto as *Exhibit F*.

27. In compliance with 28, U.S.C. § 1446(d), Defendant has provided written Notice of Removal to the Circuit Court of Osceola County, Florida, a copy of which is included within other state court documents attached hereto as *Exhibit G*.

**WHEREFORE** Defendant National Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida (Orlando Division).

Date: March 3, 2023                              Respectfully submitted,

By:   */s/ Wesley C. Page*
Wesley C. Page, Esq. (Fla. Bar No. 85183)
ROLFES HENRY CO., LPA
3191 Maguire Boulevard, Suite 160
Orlando, Florida  32803
Telephone:  (407) 284-4990
Email:   wpage@rolfeshenry.com
             wwoodburn@rolfeshenry.com

Brian P. Henry, Esq.  (Fla. Bar No. 89069)
ROLFES HENRY CO., LPA
5577 Broadcast Court
Sarasota, Florida  34240
Telephone:  (941) 684-0100
Email:   bhenry@rolfeshenry.com
             kdeglman@rolfeshenry.com

*Attorneys for Defendant*
*National Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 3rd day of March 2023:

William Finn, Esq.
Malik Law, P.A.
1061 Maitland Center Commons Blvd.
Maitland, FL 32751
Emails:    wfinn@imaliklaw.com
           pleadings@imaliklaw.com
           kirsten@imaliklaw.com

*Attorneys for Plaintiff*

                                            */s/ Wesley C. Page*
                                            Wesley C. Page, Esq. (Fla. Bar No. 85183)